The following facts appeared in the case:
John Adam Fishel made his will on 7 October, 1839, and therein bequeathed to certain of his brothers, sisters, nephews and nieces, legacies of one dollar each. Then came the following clause: "I give to my wife Catherine, all my estate, be it real, personal, or perishable, which I will have belonging to me at the time of my decease, including all notes, bounds, tenements, negroes, book debts and demands, and all moneys and property of every kind and description, to have and to hold the same and every particle thereof to her sole use forever, after payment of my funeral expenses, debts and legacies." The testator afterwards executed a codicil dated the 2 June, 1841, which is expressed in the following words: "Since I made this my will, some change (511) in my property has taken place, to wit: I have exchanged my plantation for a house and lot in Salem, which I wish my beloved wife *Page 403 
to inherit, and keep in possession during her life, and to dispose of as she pleases, under the rules and regulations of the town of Salem."
The defendant is the testator's executor, who proved the will upon the death of the testator, in the latter end of 1843. The house and lot in Salem are stated in the pleadings, and an agreement of the parties filed in the cause, to have belonged to William Henry Van Vleck in fee, and that the testator agreed with him for a lease of the premises from year to year, as long as the parties should agree at the yearly rent of seventy-five cents, with the following terms and conditions: That the lease should be forfeited, if the rent should remain unpaid for forty days after it shall fall due; or if the lessee should mortgage or dispose of the premises to any person who is not accepted by the lessor; or if the lessee erect any building thereon against the will of the lessor; or if he should purchase, hire, board, or retain any person with him or in his service, contrary to the will of the lessor, and the lessor covenanted, that in case the lease should become forfeited or otherwise determined, he would pay the value of such improvements as the lessee might have erected on the premises, and if the parties could not agree as to the value, that it should be ascertained by arbitration. It is stated that those are the terms on which all the houses and lots in Salem are occupied; and that it is the custom, when a lessee dies, for his executor to sell the lease to some one accountable to the proprietor, and to account for the proceeds as assets.
Upon the death of the testator, the defendant assented to the legacy to the widow, and she thereunder kept possession of the premises until her death, which happened in the early part of 1844, when, she having died intestate, the defendant also administered on her estate, and sold the premises by the consent of Mr. Van Vleck, for the sum of $412, which he claims as assets of the widow.
The bill was filed in March, 1844, by the several persons to whom the legacies of one dollar were bequeathed, and who (512) are also the next of kin of the testator, and claims payment of the said legacies, and also the proceeds of the sale of the said leasehold premises as belonging to the estate of the testator, and undisposed of after the death of the widow.
We need not advert to the terms in which *Page 404 
the leasehold is given to the wife in the codicil, for if it be admitted that she had thereby only a life-estate, with a general power of appointment, which failed because she did not choose to execute it, yet the plaintiffs have no right to the premises, as the next of kin, but they vested in the wife by reason of the universal gift in the will. This property was but a chattel, and therefore passed by the will, though acquired afterwards, and although it may have turned out, in the event that has happened, that it is not well disposed of in the codicil, yet it is by the will itself, as such is the settled operation of a general residuary clause. In this will, the gifts to the wife are as universal and unlimited as possible. As respects, therefore, those premises, the bill must be dismissed, and as that is the only real subject of controversy, it must be dismissed with costs. We presume the small pecuniary legacies to the several plaintiffs will be paid on application. If not, they may move for a reference to take an account of the estate, so as to shew assets for their satisfaction.
PER CURIAM. DECREED ACCORDINGLY.
(513)